I respectfully dissent from the decision of the majority, and would instead affirm the trial court's judgment.
An ambiguity exists in a written instrument or instruments when the language employed to express the drafter's intention may reasonably be construed to have two or more meanings, may be understood in more than one way, or refers to more than one thing at the same time. Boulger v. Evans (1978), 54 Ohio St.3d 371. I agree with the majority that the word "received," as Frank Clark used it in the codicil to his will, is unambiguous. However, I conclude that a contrary outcome results from that finding.
Frank Clark employed the verb receive in the past tense. "Tense" is a form of the Latin tempus, or "time." It refers to the time of an action in relation to when the action is being described in speaking or writing. Therefore, when he used the word "received" in writing his codicil, Frank Clark necessarily referred to some event or events that had occurred earlier in time.
Frank Clark had not "received" the proceeds of his late wife's legacy which are in issue here when he executed his will and codicil. Therefore, limiting its application to proceeds he'd then received renders the codicil a nullity in any event. The majority extends the testator's meaning to include proceeds he would thereafter receive, before he died. However, that is a future perfect reference and meaning not in accord with the testator's use of the past tense only.
What Frank Clark had "received" when he executed his codicil was the legacy in the will of his late wife, Lois, which vested in him by operation of law upon her death. See Wendell v. Ameritrust Co. (1994),69 Ohio St.3d 74. Frank Clark clearly intended to bequeath the proceeds of that legacy, at least those that he hadn't by then given away, to the Badraks upon his death. Holding that he also must have received those proceeds before he died engrafts a condition subsequent on the testator's expressed intent that has no reasonable relationship to the words he employed.
As the majority noted, a court's task is to determine the testator's intent. Oliver, supra. I agree with the trial court's determination that Frank Clark intended to pass the proceeds of the legacy from his late wife's estate to the Badraks, even though he had not yet come into actual possession of those proceeds when he wrote the codicil or at the time of his subsequent death. Therefore, I would affirm the judgment of the trial court.
(Hon. Thomas F. Bryant sitting by assignment of the Chief Justice of the Supreme Court of Ohio).